## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,                    :
                                        :        C.A. No. _____
                    Plaintiff,          :
                                        :
        v.                              :
                                        :
CHRISTIANA CARE HEALTH SYSTEMS,         :
RICHARD BURTON, and CLARA CLARK.        :
                                        :
                    Defendants.         :

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, defendants

Christiana Care Health Systems ("Christiana Care"), Richard Burton ("Mr. Burton"), and Clare

Clark ("Ms. Clark"), improperly named in the Complaint as Clara Clark (collectively

"Defendants"), by and through their attorneys, hereby remove this action from the Court of

Common Pleas for the State of Delaware to the United States District Court for the District of

Delaware on the following grounds:

1.      On or about May 8, 2006, Plaintiff Stephanie Lynn Ford ("Plaintiff")

commenced this action by filing a Complaint in the Court of Common Pleas for the State of

Delaware. Exhibit 1. The action was docketed as Civil Action No. 2006-05-191.

2.      On July 14, 2006, the Sheriff of New Castle County, Delaware served the

Complaint on Defendants Christiana Care and Ms. Clark. Exhibit 1. Defendant Richard Burton

has not been served, but he is represented by undersigned counsel.

3.      This Notice of Removal is being filed within 30 days after Defendants

Christiana Care and Ms. Clark first received service of the action and it is therefore timely filed

with this Court pursuant to 28 U.S.C. § 1446(b).

4.     No filings or proceedings other than those identified in paragraphs 1 through 2 have occurred in this action.  Exhibit 1 constitutes all process and pleadings served thus far in this action.

5.     Plaintiff alleges in her Complaint that Christiana Care "wrongfully terminated her," that Ms. Clark "wrongfully refused her employment," and that Mr. Burton, "wrongfully refused to place [her] in a position," all allegedly in violation of various federal statutes.  Exhibit 1, ¶¶ 13, 14, and 15.

6.     This Court has original jurisdiction over the claims raised in Plaintiff's Complaint under 28 U.S.C. § 1331 in that they arise under the laws of the United States.  Specifically, it appears from Plaintiff's Complaint that this is a civil action purporting to set forth claims for alleged violations of the Family and Medical Leave Act of 1993, the Americans with Disabilities Act, and the Employee Retirement Income Security Act ("ERISA").  Plaintiff also purports to set forth a claim under "Title 18 Section 2301-2318," which appears to be a claim under the United States Code section designated "Crimes and Criminal Procedure."  Thus, the basis of Plaintiff's claims is in federal law.

7.     Removal of this action from the Court of Common Pleas for the State of Delaware to this Court is, therefore, proper under 28 U.S.C. § 1441(a), because this Court would have had original jurisdiction of the action under 28 U.S.C. § 1331 had the action been initially filed in this Court.

8.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Court of Common Pleas for the State of Delaware.

WHEREFORE, Defendants respectfully asks that this action be duly removed to this Court, and that it proceed herein.

Respectfully submitted,

David H. Williams (I.D. No. 616)
dwilliams@morrisjames.com
James H. McMackin, III (I.D. No. 4284)
jmcmackin@morrisjames.com
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

Michael J. Ossip (mossip@morganlewis.com)
Thomas S. Bloom (tbloom@morganlewis.com)
Kendra L. Baisinger (kbaisinger@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5761

Attorneys for Defendants

Dated: July 28, 2006

DHW/011747-0043/1434126/1

## CERTIFICATE OF SERVICE

I, James H. McMackin, III, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on:

> Stephanie Lynn Ford, *pro se*
> 19 Albany Ave.
> New Castle, DE 19720

this 28th day of July 2006, by first-class mail, postage prepaid.

_____
James H. McMackin, III

07/21/2006    09:49    HUMAN RESOURCES → MIKE'S COMPUTER                    NO.989    P02

IN THE COURT OF COMMONS PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEWCASTLE COUNTY

STEPHANIE LYNN FORD                                    )
                                                       )
                                                       )
                                                       )                2006 - 05 - 191
                                                       )
                Plaintiff,                             )    Civil Action No._____
                                                       )
                                                       )
        V.                                             )
                                                       )
1. CHRISTIANA CARE HEALTH SYSTEMS                      )
                                                       )
2. MR. RICHARD BURTON                                 )
                                                       )
3. MRS. CLARA CLARK                                   )


                Defendants.


TO THE SHERIFF OF    *NCC*    COUNTY,
YOU ARE COMMANDED:

        To Summon the above named defendants and serve upon said
defendants a copy of this summons and complaint.

TO THE ABOVE NAMED DEFENDANTS:
        Within twenty ( 20 ) days after you receive this Summons, excluding the
day you receive it , you must file an Answer to the attached Complaint if you want
to deny the allegations . The original of your Answer must be filed with the
Clerk's Office of the Court of Common Pleas, *500 NORTH KING STREET*
*WILMINGTON* , Delaware and must include proof that a copy of the *19801*
Answer was served on the plaintiff or his/her attorney who is named on this
Summons.

        Failure to file an Answer denying the allegations will result in a judgment
against you , and action may be taken by the plaintiff or his /her attorney to satisfy
the judgment.

DATED: *5-9-03*                    _____
                                              CLERK


Stephanie L. Ford
19 Albany Ave.
Newcastle, Delaware 19720
(302) 658-6740

IN THE COURT OF COMMONS PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEWCASTLE COUNTY

STEPHANIE LYNN FORD                          )
                                            )
                                            )        2006 - 05 - 191
                                            )
            Plaintiff,                       )     Civil Action No._____
                                            )
                                            )
        V.                                   )
                                            )
1. CHRISTIANA CARE HEALTH SYSTEMS            )
                                            )
2. MR. RICHARD BURTON                        )
                                            )
3. MRS. CLARA CLARK                          )


            Defendants.


TO THE SHERIFF OF  *NCC*   COUNTY,
YOU ARE COMMANDED:

        To Summon the above named defendants and serve upon said
defendants a copy of this summons and complaint.

TO THE ABOVE NAMED DEFENDANTS:
        Within twenty ( 20 ) days after you receive this Summons, excluding the
day you receive it , you must file an Answer to the attached Complaint if you want
to deny the allegations . The original of your Answer must be filed with the
Clerk's Office of the Court of Common Pleas, _500_ _NORTH_ _KING_ STREET
_WILMINGTON_, Delaware and must include proof that a copy of the  19801
Answer was served on the plaintiff or his/her attorney who is named on this
Summons.

        Failure to file an Answer denying the allegations will result in a judgment
against you , and action may be taken by the plaintiff or his /her attorney to satisfy
the judgment.

DATED:_ 5 9.05 _          _____
                                            CLERK

Stephanie L. Ford
19 Albany Ave.
Newcastle, Delaware 19720
(302) 658-6740

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STEPHANIE LYNN FORD )
)
)
)
)
Plaintiff, )
)
)
)
V. )
)
)
)
1. CHRISTIANA CARE HEALTH SYSTEMS )
)
2. MR. RICHARD BURTON

3. MRS. CLARA CLARK

2006 - **05** - **191**

Civil Action No.



                                            (FMLA) ACT
                                        S.C. Code ANN . Title I
                                            CHAPTER 13,
Defendants,                            TITLE 18 SECTION 2301
                                        TO 2318, SECTION
                                            502, ERISA

COMPLAINT

1.  Plaintiff, STEPHANIE LYNN FORD, resides at 19 Albany Ave. Newcastle, Delaware 19720.

2.  Defendant, CHRISTIANA CARE HEALTH SYSTEMS resides at , or its business is located at
    Christiana Care Health Systems 200 Hygeia Drive Newark, Delaware 19713.

3.  Defendant, MR. RICHARD BURTON / Professional Job Recruiter / resides at, or its business is
    located at Christiana Care Health Systems 200 Hygeia Drive Newark, Delaware 19713.

4.  Defendant, Mrs. Clara Clark/ Medical Records Supervisor / resides at , or its business is located
    at Christiana Care Health Systems 200 Hygeia Drive Newark, Delaware 19713.

5.  I the Plaintiff, Stephanie Lynn Ford have been working at the Christiana Care Health Systems for
    17 years from August 24, 1987 to October 28, 2003, I was in a Hit & Run Automobile Accident on
    October 28, 2003, my injuries are CERVICAL THORACIC LUMBOSACRAL STRAIN, S/P R
    SIDED RIB TRAUMA, BILATERAL HAMSTRING STRAIN , R SHOULDER ARM AND
    FOREARM STRAIN. PLEASE SEE DOCTORS NOTES.

6.  On April 12, 2004, I the Plaintiff, Stephanie Lynn Ford was released by the Dr. Ross Ufberg to return
    to work.

7. On April 13, 2004 I the Plaintiff, Stephanie Lynn Ford was cleared for work by the Christiana Care
Health Systems Employee Nurse and were assigned a job recruiter by the Human Resources Department
for a job placement. Assigned job recruiter Mr. Richard Burton setup an appointment with me for April
16, 2004, at 2:00 p.m.. The Defendant Mr. Richard Burton instructed me to apply online for employ-
ment and that my old clerk 03 position in the Radiology Department has been filled.

8. On April 23, 2004, I the Plaintiff Stephanie Lynn Ford called the Defendant via-telephone
Mr. Richard Burton in reference to a job placement and he directly told me to "FIND OTHER
EMPLOYMENT AT ANOTHER CORPORATION".

9. I the Plaintiff, Stephanie Lynn Ford called the Defendant Mr. Richard Burton on April 27, 2004
at 9:30 a.m. No return phone call or response, on April 30, 2004 No return phone call or response
from the Defendant.

10. I the Plaintiff, Stephanie Lynn Ford have applied for 29 jobs at the Christiana Care Health Systems
from April 12, 2004, PLEASE SEE INTENSIVE JOB SEARCH LOG SHEETS.

11. On May 28, 2004 , I the Plaintiff Stephanie Lynn Ford applied for the position in the Medical Records
Health Information Management Department as a Clerk 03 position . ' I THE PLAINTIFF
STEHANIE LYNN FORD WANT TO INFORM THE COURT THAT I HAD PREVIOUS
WORKED IN THIS SAME POSITION PRIOR FOR 9 YEARS AND WAS REFUSED
THIS POSITION BY THE DEFENDANT MRS. CLARA CLARK.

12. I the Plaintiff Stephanie Lynn Ford called the Defendant Mrs. Clara Clark via-telephone and explain
my situation to her about the accident, and that I needed a job and wanted to work, Consequently,
she refused me the position.

13. CLAIM ONE :  I THE PLAINTIFF STEPHANIE LYNN FORD am raising the issue of the unlawful
misconduct and that the Defendant , Christiana Care Health Systems wrongfully terminated me .
The Defendant , refuse to placed the Plaintiff in a job position without any due process of the law.
The Defendant , Christiana Care Health Systems is in violation of the FAMILY MEDICAL LEAVE
ACT OF 1993, (FMLA) , In violation of the DISABILITY DISCRIMINATION LAW ACT,
In violation of the FAIR EMPLOYMENT PRACTICE LAW ACT, In violation of the
TITLE 18 SECTION 2301 TO 2318 , SECTION 502 , ERISA , 29 U.S.C. 1132 .

As a result, The Defendant, CHRISTIANA CARE HEALTH SYSTEMS terminated the
The Plaintiff, Stephanie Lynn Ford PENSION PLAN BENEFITS, LIFE INSURANCE
POLICY, MEDICAL BENEFITS, DENTAL INSURANCE PLAN, LONG TERM DISABILITY
BENEFITS , PERSONAL ACCIDENT INSURANCE , PLAINTIFF , STEPHANIE LYNN FORD
WAS FORCED TO CASH IN 401K PLAN TO PAY MORTGAGE .

14. CLAIM TWO: I THE PLAINTIFF STEPHANIE LYNN FORD am raising the issue of the unlawful
misconduct and that the Defendant , Mr. RICHARD BURTON / JOB RECRUITER wrongfully
without any due process of the law told the Plaintiff , Stephanie Lynn Ford  quote
" FIND OTHER EMPLOYMENT AT ANOTHER CORPORATION " end quote,
The Defendant , Mr. Richard Burton wrongfully refused to placed the Plaintiff , Stephanie Lynn Ford
in a position equal to my pay or any position that were available. After , I the plaintiff Stepahnie Lynn
Ford have applied for 29 job positions at the Christiana Care Health Systems including the job I had
Previously worked in for 9 years in the Medical Records Department. I spoke with the Defendant
Mrs. Clara Clark by via- telephone and she refused me employment as well. Because of the
misconduct and Employment Discriminatory action the Defendant Mr. Richard Burton is in violation
of the FAMILY MEDICAL LEAVE ACT OF 1993 , (FMLA) , In violation of the DISABILITY
DISCRIMINATION LAW ACT, In violation of the FAIR EMPLOYMENT PRACTICE LAW ACT,

**EMPLOYER - UPON COMPLETION OF TOP SECTION GRASP "EMPLOYER COPY" AND TISSUE AND REMOVE.**


UNUMPROVIDENT

### Life Insurance Conversion
### Notification of Conversion Privilege
Unum Life Insurance Company of America

## Employer completes this section

| Company Name | Group Policy and Division Numbers |
|---|---|
| Christiana Care | 53050 3 |

| Employee's Name (Last, First, MI) | Social Security Number | Date of Birth |
|---|---|---|
| FORD Stephanie L | _ _ - _ _ - _ _ _ _ | _ _ / _ _ / _ _ _ _ |

| Dependent Name (if converting dependent coverage) | Dependent Social Security Number | Dependent Date of Birth |
|---|---|---|
| | | _ _ / _ _ / _ _ _ _ |

| Group life insurance benefits were: | Reason for Termination: | Date of termination or reduction | Amount of coverage lost |
|---|---|---|---|
| ☑ Terminated  ☐ Reduced | | _ _ / _ _ / _ _ _ _ | $ 75,000 |

| Was the employee disabled on date of termination or reduction?  ☐ Yes  ☑ No | Date of Disability (Date last worked) |
|---|---|
| If yes, see (waiver of premium) Extension of Employee Life Insurance provision of the group contract, if available under the group plan. | 10/27/2003 |

| Has Employee submitted a claim for extension of group benefit?  ☐ Yes  ☐ No | Was the group life coverage previously assigned? (collateral/absolute)  ☐ Yes  ☐ No |
|---|---|

Employer Signature: _Michele Heacock_     Date _5/19/04_

## Employee Information

1. **Conversion rights** - When your group life insurance terminates or the amount of coverage you have is reduced, you can convert your coverage to an individual whole life policy or you may purchase one year term insurance. If you purchase the term insurance, your policy will automatically be renewed at your attained age as a whole life policy at the end of the year, provided the premium is paid on the anniversary.

You may convert either of the above options without having to provide evidence of insurability.

2. **Start conversion within 31 days** - Your life insurance coverage under your employer's group policy remains in effect for 31 days after the date of termination or reduction of coverage. You may apply for conversion any time within that period.

**If you do not apply within 31 days, the option to convert may no longer be available to you.**

**How to apply for conversion.**

If you wish to convert your group life insurance coverage to an individual policy, complete the attached application and send it with this form and your first premium payment (made payable to Unum) to:

> Unum
> Conversion Unit
> 2211 Congress Street
> Portland, Maine 04122-1350

3. **Amount of coverage you can buy** - When your group coverage terminates or reduces, you can apply for any amount of life insurance up to, but not exceeding the amount you had under your group plan. See above "Amount of coverage lost" for reference.

**EXAMPLE:** You had $50,000 of life insurance, but when you reached a certain age, your coverage was reduced to $30,000. You want to convert to an individual policy. You still have $30,000 of coverage under your group policy, so you can buy up to $20,000 of individual coverage.

4. **Cost of an individual policy** - The rate table on the back of this form shows the cost of an individual policy. If your rate is not listed, please call Unum at the number shown in the Additional Information section. Rates are not guaranteed and are subject to change.

**Additional Information** - If you have any questions, please call a Unum representative at 1-800-343-5406.

## SPECIAL INSTRUCTIONS FOR COMPLETING THE APPLICATION

- Please read instructions on the reverse side of the application in full.
- If Applicant is other than the insured, please provide Applicant's address and Social Security Number in question 1 b.
- Be sure to provide us with the Group Policy Number and Employer Name in question No. 2.
  Any changes made to your answers must be initialed and dated.
  Someone other than the Insured or Applicant must sign as witness.
- (Question 10) Please provide Name(s), relationship(s) and ADDRESS(ES) of beneficiary(ies).

I have been notified of my right to convert. I understand that I must exercise my right to convert within 31 days of the date my group insurance terminates.

Employee Signature: _____    Date _ _ / _ _

RAMUNNO, RAMUNNO & SCERBA, P.A.
ATTORNEYS-AT-LAW
903 N. FRENCH STREET
WILMINGTON, DELAWARE 19801-3371

(302) 656-9400
FAX (302) 656-9344

L. VINCENT RAMUNNO
LAWRENCE A. RAMUNNO
DAVID R. SCERBA
GLENN C. WARD *
VINCENT RAMUNNO, JR.
LOUIS JOSEPH RAMUNNO
* Also Admitted in PA

MIDDLETOWN OFFICE
702 ASH BOULEVARD
MIDDLETOWN VILLAGE SHOPPING CENTER
MIDDLETOWN, DE 19709
(302) 376-9100

June 11, 2004

Corporal E. Thompson
Delaware State Police
Troop 6
3301 Kirkwood Highway
Wilmington, DE 19808

Re: My client: Stephanie Ford
Date of automobile accident: October 27, 2003
Driver:    Stephanie Ford / Other driver: unknown
Location of accident: w/b De. 4, West Newport Pike
Complaint number: 06-03-124554

Dear Corporal Thompson,

Please be advised that I represent Ms. Stephanie Ford for the personal injuries she sustained in an automobile accident on October 27, 2003.

I am enclosing a copy of the accident report in which you were the investigating officer.

In reviewing the report, you list witness #1 as Amy B. Hinton, WF 30, 189 Williamette Drive, Bear, Delaware 19701, 832-7802. Traveling behind V2. However, the information we have as to the witness in this accident is Amy F. Slawski-1011 Kendall Road, Wilmington, Delaware 19805, 994-8339.   I have also spoken with Ms. Slawski and she is indeed a witness to this accident.

Please advise if Amy B. Hinton is an additional witness to this accident or if the witness information is incorrect.   If it is incorrect would you please send me a supplemental report indicating same.

Very truly yours,

LAWRENCE A. RAMUNNO

LAR/sah
enclosures
cc: Ms. Stephanie Ford

**CHRISTIANA CARE**

PO Box 1668
Wilmington, Delaware 19899-1668

302-733-1000

June 3, 2004

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Dear Stephanie:

We have concluded our recruit for the Clerk VI position in the Surgi-Center Pre-Op
Registration.

Our interviewing has concluded and we have selected another individual for the position.
The person selected had the skills and background best suited to the particular needs of
this position.

Thank you for your interest in this position. We will keep your application information
on our database and we encourage you to visit our web site at www.christianacare.org for
future opportunities. You can conveniently update your application, listing new skills,
education, training and work experience 24 hours a day from your home computer.

Sincerely,

*Kelly Whitmarsh/mm*

Kelly Whitmarsh
Professional Recruiter

# CHRISTIANA CARE

PO Box 1668
Wilmington, Delaware 19899-1668

302-733-1000

May 11, 2004

Stephanie Ford
19 Albany Ave.
NewCastle, DE  19720

Dear Stephanie:

We have concluded our recruit for the Clerk VI - FT 80D position in 15945 -
Perioperative Eval/Prep CH.

Our interviewing has concluded and we have selected another individual for the position.
The person selected had the skills and background best suited to the particular needs of
this position.

Thank you for your interest in this position. We will keep your application information
on our database and we encourage you to visit our web site at www.christianacare.org for
future opportunities. You can conveniently update your application, listing new skills,
education, training and work experience 24 hours a day from your home computer.

Sincerely,

RB

Richard Burton
Professional Recruiter

 **CHRISTIANA CARE**

01-15-2002

S L FORD

This statement confirms the
choices you made for 2002 under
the Christiana Care Flex Plus
Program.

19 ALBANY AVENUE
NEW CASTLE      DE 19720

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

We will only accept changes that
are typographical errors.
Make corrections directly on this form
and return it to the BENEFITS/RE-
CORDS SECTION, WILM HOSPITAL.
VNA employees return form to
HUMAN RESOURCES, NEW CASTLE.

| Benefit Plan | Option | Family Code | Cost Per Pay |
|---|---|---|---|
| Long Term Disability | A | | $2.37 |
| Life Insurance (Emp) | C | E | $3.26 |
| Personal Accident Ins. | B | E | $0.55 |
| Health Care: Medical ADVANTAGE: YOU ONLY | | | $129.87 |
| Dental | B | E | $13.80 |
| Health Care Account | | | $0.00 |
| Dependent Care Account | | | $0.00 |

| Total Cost: | | | $149.85 |
|---|---|---|---|
| Total Benefit Dollars: | | | $144.59 |
| | Flex Amount: | | $5.26- |

| Medical Dependent Name | Soc. Sec. # | Birth Date |
|---|---|---|
| S. | | |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |

Please compare this confirmation to your flex enrollment form.  If
we do not hear from you within ten days, we will assume these
selections are correct. This statement confirms that we have your
permission to add/deduct the flex amount to/from your pay.

You may obtain any of the medical plan booklets by calling Benefits.
For CCHS call 428-5794.  For VNA call 325-7406.

Form:C1



**CHRISTIANA CARE**
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001

302-733-1000

April 19, 2004

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Dear Stephanie:

As a follow-up to our telephone conversation this morning, I am writing to you
concerning your current leave of absences. Christiana Care's leave of absence policy
provides a twenty-four week maximum for leave of absence in a 12 month period for
medical reasons. You have reached this twenty-four week limit as of **04/13/04**, therefore
it will be necessary to remove you from Christiana Care's payroll effective this date.

If you are covered under Christiana care's long term disability plan, you should contact
Debra Lewis at 428-5764 so that paperwork can be forwarded to you to apply for this
benefit. Your removal from payroll will have no effect on any benefit you may qualify
for under the disability plan. Following your termination from payroll, you will receive a
notice which outlines your right to convert life insurance and to continue health and
dental coverage and the rate you will be required to pay to maintain coverage. If you
have any questions about benefit coverage, please contact Benefits at 428-5794.

If you receive clearance in the near future to return to work, you are welcome to re-apply
for a position through the Employment Section of the Human Resources department. The
Employment Section will attempt to place you based upon your qualifications in light of
available vacancies. If it is possible to place you in a position at a later date, you may be
entitled to have prior full time service restored. To discuss this, please contact me at 733-
1120.

On behalf of Christiana Care, I would like to thank you for your years for service to
Christiana Care Health Services. We are sorry that you are not able to continue work at
this time.

Please do not hesitate to contact me with any additional questions.

Sincerely,

Anthanita Warner
Employee Relations Assistant

07/21/2006    09:49    HUMAN RESOURCES → MIKE'S COMPUTER                    NO.989    ℗12

 **CHRISTIANA CARE**
HEALTH SERVICES

**SERVICE REFERRAL**

## SECTION I - TO BE COMPLETED FOR ALL REFERRALS BY DEPARTMENT HEAD OR SUPERVISOR (INSTRUCTIONS ON BACK)

| NAME(LAST) | (FIRST) | (M.I.) | DATE | (TO BE COMPLETED BY THE TREATING FACILITY) |
|---|---|---|---|---|
| | | L | | TIME IN / TIME OUT |

| FACILITY | DEPT/UNIT | SOCIAL SECURITY NUMBER | JOB TITLE | DATE OF BIRTH | HOME PHONE |
|---|---|---|---|---|---|

**MEDICAL AUTHORIZATION:**
I understand that Christiana Care maintains information in paper and electronic form.
I authorize EHS to access Christiana Care's information pertinent to my care

| SYMPTOM OR PROBLEM: | EMPLOYEE SIGNATURE |
|---|---|
| 1.☐ OCCUPATIONAL INJURY/ILLNESS = COMPLETE BELOW | AUTHORIZE SIGNATURE/SUPERVISOR OR MANAGER: |
| 2.☐ NON OCCUPATIONAL INJURY ILLNESS | |

| A. ACCIDENT OCCURRED | HOSPITAL/SITE | DEPT / UNIT | DATE OF INJURY | HOUR OF DAY | MACHINE, TOOL OR OBJECT CAUSING INJURY / ILLNESS |
|---|---|---|---|---|---|

| THIS SECTION IS REQUIRED FOR OCCUPATIONAL INJURIES | LOCATION WHERE INJURY OCCURRED | DATE SUPERVISOR NOTIFIED | SUPERVISOR'S NAME | PHONE: |
|---|---|---|---|---|

**B. FULL DESCRIPTION OF INJURY (DESCRIBE EXACTLY WHAT HAPPENED IN ORDER OF EVENTS AND WHY IT HAPPENED. INDICATE APPARENT INJURY AND CONDITION OF EQUIPMENT OR APPAREL WHERE SIGNIFICANT)**    | WITNESS:

## SECTION II - TO BE COMPLETED BY PHYSICIAN AND/OR NURSE

| 1. DISPOSITION: | | 2. STATUS | |
|---|---|---|---|
| ☒ CLEARED FOR WORK | ☒ RESTRICTIONS: 15 lb lifting restriction | ☐ OCCUPATIONAL INJURY ILLNESS | ☒ NON-OCCUPATIONAL INJURY/ILLNESS |
| ☐ SEND HOME | | | |
| ☐ REMAIN ON DUTY | | ☐ REVIEW: (Reason) | |

| REFERRED TO: | APPT: | PROVIDER | RETURN VISIT DATE | RTW DATE |
|---|---|---|---|---|
| | | | | 4-13-04 |

15001 S(87680)(0501)                    SUPERVISOR'S COPY

Ross M. Ufberg, M.D.
*Medical Director*

Wilmington
Pain & Rehabilitation
Center

Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

5 April 2004

Jeffrey Mack
UNUM Life Insurance Company of America
The Benefits Center
P.O. Box 9500
Portland, ME 04104-5058

RE:    Ford, Stephanie
CL#117934
Policy #530503

Dear Mr. Mack:

I am appalled that your "medical consultants", without even examining Ms. Ford can look at my office notes and determine disability. What is more incredible is that no matter what the circumstances it seems that you believe a two to four weeks recovery period is that which should be typically allowed for an acute sprain/strain injury. My patient, Ms. Ford, was involved in a significant motor vehicle accident on 10/27/03 sustaining over $1400 damage to her vehicle. When I first her on 10/30/03 she demonstrated significant spasm over her cervical musculature and on 11/10/03 still had marked limitation over her cervical and lumbosacral spine range of motion which did not permit her to do her job duties. It is interesting that in the eight pages of your letter, no where do you detail a description of the physical requirements of Ms. Ford's job or even what it is. Ms. Ford's job duties at Christiana Care as an x-ray clerk in the mammography department requires frequent bending and lifting with occasional lifting of heavy x-ray films.

Based on my history and physical examinations, Ms. Ford has been incapable of returning to that work and appropriate disability slips were given. On her most recent visit of 3/29/04, Ms. Ford had significant spasms over her left lumbar paraspinal muscles.

Ms. Ford has been cleared for a trial of return to work with 15 pound lifting restrictions effective 4/13/04. Her period of disability from 10/27/03 through 4/12/04 has

Ford, Stephanie
5 April 2004
page 2

been reasonable, medically, and causally related to her injuries in the motor vehicle
accident of 10/27/03.

I hope that this information has been helpful.

Very truly yours,

Ross M. Ufberg, M.D.

RMU:dlb
CC: Medical Records Chart
Stephanie Ford



**CHRISTIANA CARE**
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001

302-733-1000

January 26, 2004

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Dear Stephanie:

I was unable to reach you by phone. I wanted to write to you concerning our leave of absence policy. The Christiana Care's leave of absence policy provides that you would be eligible for reinstatement to your department in a job of similar nature if you return to work within twelve weeks from the effective date of your leave. The policy also provides that if you're medical leave extends beyond twelve weeks; your position can be filled. After twelve weeks, however, you should maintain contact with me on a monthly basis to determine your ability to work and the availability of positions within Christiana Care. If you are cleared to return to work prior to the conclusion of your second 12 weeks, you are no longer eligible for a leave of absence. Therefore, if you are not able to return by **April 13, 2004**, it will be necessary to remove you from payroll. However, I am available to assist you in obtaining placement and answering questions that may come up during this period. You can reach me at (302) 733-1120.

If you are covered by Christiana Care's long term disability plan (LTD), please contact the Benefits Section. Any questions regarding this plan can be directed to Debra Lewis in the Benefits section at 428-5764.

If you have any questions or concerns, please don't hesitate to call me. I sincerely hope that you will be able to return to work soon. Again, please stay in contact with my office at least every thirty days.

Sincerely,

Anthanita Warner
Employee Relations Assistant

TO: Mrs. Susan Jeanette
841 Silverlake Blvd.
Rodney Building
Dover, DE. 19904
November 12,2004

FROM: Stephanie L. Ford
19 Albany Ave.
NewCastle, DE.19720
(302)658-6740

RE: Consideration of Denial of My Disability Benefits from UnumProvident Insurance
   Related to Injuries and Employment Status.


Dear Mrs. Susan Jeanette
Thank you for taking the time to resolving this matter with UnumProvident. Per telephone conversation
I was in a automobile accident on October 27,2003 in NewPort De. W/B DE. 4 West Newport Pike
Approaching  ShopRite shopping centerI I made a complete stop at the intersection turning right. The other
driver Mr. Isidoro Sanchez-Olmos, was traveling east on DE. 4 Newport Pike turning far right approaching
the ShopRite shopping center. Mr. Olmos abruptly decided to proceed onto the highway as I was turning
into the shopping center. Hitting my 2002 Toyota Pickup truck right side back panel,and leaving the scene
of the accident.  I sustained rib pain, head and neck injuries. As a result of this accident I am constantly in
a great deal of pain.  Please see Hospital and Doctors notes.  At the time of this accident I was employed at
the Christiana Care Health Systems and The ST. Francis Hospital parttime casual. On November 13, 2003,
I requested for leave of absence with Christiana Care Health Services. On February 24, 2004 Unum
Provident received the Disability request. On April 20 2004, Unum Provident denied my request for
benefits, because their "specialists "felt my symptoms were not consistent with the time needed to recover.
Along with the Incomplete police report. I did appeal the decision on April 26,2004 ( see enclosed appeal
letter). On June 28,2004 I received another letter that denied my request for disability. My physician , Dr.
Ross M. Ufberg was outrage by decision to my claim ;  Enclosed you will find the letter Dr. Ufberg wrote
to Jefferey Mack , a Unum Provident representative that depicts the injuries I sustained. I am in a lot of
pain constantly and probably will be in pain for the  rest of my life. This past year has been extremely
stressful And has put a huge strain on me and my family.  I have been working at Christiana Care Health
Services For past 17 years , I have lost my job due to injuries I could not control. Please re-evaluate all the
material and letters I have enclosed.

Sincerely,
Stephanie L. Ford
#268231

To: Mrs. Donna Lee Williams
841 Silverlake Blvd.
Rodney Building
Dover, De. 19904
October 19,2004

From: Stephanie L. Ford
19 Albany Ave.
Newcastle, De. 19720

RE:  Consideration of Denial of My Disability Benefits from Unum Provident Insurance
      Related to Injuries and Employment Status.

Dear Mrs.  Williams
I am writing this letter to request a special hearing be held with me and my
Representatives; to discuss the action of the Administrative staff of the hospital
In consultation with the insurance company of UnumProvident, has taken regarding
Me and my employment at the hospital.
I request that this meeting be held as soon as possible.

                              Sincerely yours,

                              Stephanie L. Ford

CC: PF

To: Dr. Robert Laskowski
Christiana Care Health Services
Board of Directors
P.O.Box 6001
Newark, Delaware 19718
October 17, 2004


From: Stephanie Ford
19 Albany Ave
NewCastle,De. 19720
(302)658-6740


RE: Consideration of Denial of My Disability Benefits from Unum Provident Insurance
    Related to Injuries and Employment Status.


Dear Dr. Laskowski
I am writing this letter to request a special hearing be held with me and my
Representatives; to discuss the action of the Administrative staff of the hospital
In consultation with the insurance company of UmunProvident, has taken regarding
Me and my employment at the hospital.
I request that this meeting be held as soon as possible.


                    Sincerely yours,

                    *Stephanie L. Ford*

CC: PF

ROSS M. UFBERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: _5/3/04_

To Whom It May Concern:

This is to certify that:

_Stephanie Ford_

has been under my professional care and was

☑ Totally incapacitated    _from job duties at_

☐ Partially incapacitated    _St. Francis_

from _5/3/04_    to _6/20/04_    *

secondary to a:

☑ motor vehicle accident on _10/27/03_

☐ work accident on _____

☐ illness

☐ other

Remarks: _____

Signed: _____

*patient to be re-evaluated prior to any change in disability status.

**ROSS M. UFBERG, M.D.**
**WILMINGTON PAIN & REHABILITATION CENTER, P.A.**
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: _1/20/04_

To Whom It May Concern:

This is to certify that:

_Stephanie Ford_

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from ___1/20/04___ to ___2/23/04___ *

secondary to a:

☑ motor vehicle accident on _10/27/03_

☐ work accident on _____

☐ illness

☐ other

Remarks: _____

Signed: _____

*patient to be re-evaluated prior to any change in disability status.



ss M. Ufberg, M.D.
*tical Director*

Wilmington
Pain & Rehabilitation
Center

Physical Medicine & Rehabilitatio
Electromyography
Sports Medicine

22 December 2003

RE:    Ford, Stephanie
WPRC# 8530

The patient continues to note significant neck and posterior shoulder pain and stiffness and pulling sensations. Overall, she has noted some improvement in her back discomfort. She is using Motrin 600 mg. during the day for pain and Flexeril 5 mg. ½ to one tablet nightly which does help her rest. She notes improvement with the outpatient therapy. She is attempting her home program of stretching exercises.

Physical Examination:

Reveals a thin black female in moderate distress; postured with her shoulders partially shrugged up around her neck.

Range of Motion:

Cervical spine - decreased left rotation 65°, right rotation 50° with decreased lateral flexion bilaterally. Pain noted on rotation and lateral flexion.

Lumbosacral spine - decreased forward flexion limited to 60°.

Muscle Examination:

Mild spasm noted over the upper trapezius muscles with tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

Ford, Stephanie
22 December 2003
Page 2

Impression (Cont'd):

2. Status-post right sided rib trauma.

3. Bilateral hamstring strain.

4. Right shoulder, arm and forearm strain.

Recommendations:

1. Records and X-ray reports pending from St. Francis Hospital Emergency Room.

2. Continue outpatient therapy to reduce pain symptoms, increase range of motion and tolerance for activity.

3. Continue temporary total disability.

4. Continue Motrin 600 mg. p.o. q6hrs, prn pain with food and Flexeril 5 mg. ½ - 1 tablet p.o. hs., prn muscle spasm.

5. Continue home program of stretching exercises.

6. Re-evaluation in 4 weeks (1/20/04 @ 10:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:    PMC

**ROSS M. UFBERG, M.D.**
**WILMINGTON PAIN & REHABILITATION CENTER, P.A.**
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806.
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: 12/22/03

To Whom It May Concern:

This is to certify that:

_Stephanie Ford_

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from 12/22/03 to 1/20/04

secondary to a:

☑ motor vehicle accident on 10/27/03

☐ work accident on _____

☐ illness

☐ other

Remarks: _____

Signed: _____

*patient to be re-evaluated prior to any change in disability status.



'ss M. Ufberg, 'M.D.
dical Director

Wilmington
Pain & Rehabilitation
Center

Physical Medicine & Rehabilitatio
Electromyography
Sports Medicine

4 December 2003

RE:     Ford, Stephanie
WPRC# 8530

The patient continues to note significant neck, back, and posterior shoulder pain. She has had less problems with rib discomfort. She is using Motrin 600 mg. daily for pain and Flexeril 5 mg. nightly for muscle stiffness. She states she has been unable to attend therapy the past three weeks due to other medical problems.

Physical Examination:

Reveals a thin black female in moderate distress; postured with her shoulders shrugged up around her neck.

Range of Motion:

Cervical spine - decreased extension, right rotation 40°, left rotation 50° with decreased lateral flexion bilaterally. Pain reported on rotation and lateral flexion bilaterally.

Lumbosacral spine - decreased forward flexion limited to 70°.

Muscle Examination:

Spasm noted over the trapezius and lumbar paraspinal muscles bilaterally with tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Extremity Examination:

Right shoulder - no tenderness noted.

Wilmington Pain & Rehabilitation Center, P.A.
302 • 575 • 1776
1021 Gilpin Avenue • Suite 101 • Wilmington, DE • 19806 • 1202
Fax • 302 • 575 • 1780

Ford, Stephanie
4 December 2003
Page 2

Chest Examination:

No tenderness noted over the right sided ribs.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

2.    Status-post right sided rib trauma.

3.    Bilateral hamstring strain.

4.    Right shoulder, arm and forearm strain.

Recommendations:

1.    Records and X-ray reports pending from St. Francis Hospital Emergency
      Room.

2.    Restart outpatient therapy to reduce pain symptoms, increase range of
      motion and tolerance for activity.

3.    Continue temporary total disability.

4.    Continue Motrin 600 mg. p.o. q6hrs, prn pain with food and Flexeril 5 mg.
      1-2 tablets p.o. hs., prn muscle spasm.

5.    Continue home program of stretching exercises.

6.    Re-evaluation in 3 weeks (12/22/03 @ 11:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:    PMC

ROSS M. L. BERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806'
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: 12/4/03

To Whom It May Concern:

This is to certify that:

Stephanie Ford

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from 12/4/03 to 1/4/04

secondary to a:

☑ motor vehicle accident on 10/27/03

☐ work accident on _____

☐ illness

☐ other

Remarks: _____

_____

Signed: _____

*patient to be re-evaluated prior to any change in disability status.

Wilmington
Pain & Rehabilitation
Center

iss M. Gibere, M.D.
adical Director

Physical Medicine & Rehabilitatio
Electromyography
Sports Medicine

10 November 2003

RE:    Ford, Stephanie
WPRC# 8530

The patient reports some overall improvement in her neck, back and rib pain. She
continues to note tightness over her shoulder slopes and occasionally in her posterior
thighs.  She has been out of the Flexeril 5 mg. due to being unable to afford the
medication. She has been using Motrin 600 mg. daily for pain using her cervical pillow at
night.  She notes relief with the outpatient therapy.

Physical Examination:

Reveals a thin black female in mild distress.

Range of Motion:

Cervical spine - decreased extension, right rotation 50°, left rotation 60° with
decreased lateral flexion bilaterally.  Pain reported on rotation and lateral flexion
bilaterally.

Lumbosacral spine - decreased forward flexion limited to 60°.

Muscle Examination:

Tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal
muscles bilaterally.

Extremity Examination:

Right shoulder - active abduction full.  Tenderness noted over the infraspinatus,
deltoid, and biceps muscle.

Right and left  lower extremities - no tenderness noted.

Wilmington Pain & Rehabilitation Center PA
302 • 575 • 1776
1021 Gilpin Avenue • Suite 101 • Wilmington, DE • 19806 • 1261
FAX  302 • 575 • 1780

Ford, Stephanie
10 November 2003
Page 2

Chest Examination:

Mild tenderness noted over the right sided lower anterior ribs.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.   Cervical, thoracic, lumbosacral strain.

2.   Status-post right sided rib trauma.

3.   Bilateral hamstring strain.

4.   Right shoulder, arm and forearm strain.

Recommendations:

1.   Records and X-ray reports pending from St. Francis Hospital Emergency
     Room.

2.   Continue temporary total disability.

3.   Samples of Flexeril 5 mg. 1-2 tablets p.o. hs., prn muscle spasm given to
     the patient today. Continue Motrin 600 mg. p.o. q6hrs, prn pain with food.

4.   Continue outpatient therapy to reduce pain symptoms, increase range of
     motion and tolerance for activity.

5.   Continue home program of stretching exercises.

6.   Re-evaluation in 3 weeks (12/4/03 @ 8:30).

Ross M. Ultberg, M.D.

RMU/slm
cc:    PMC

ROSS M. UFBERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: _11/10/03_

To Whom It May Concern:

This is to certify that:

_Stephanie Ford_

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from _11/10/03_    to _12/5/03_    *

secondary to a:

☑ motor vehicle accident on _10/27/03_

☐ work accident on _____

☐ illness

☐ other

Remarks: _____

Signed: _Tom L. Ufberg M.D._

*patient to be re-evaluated prior to any change in disability status.

133 .... ...............
...dical Director

Wilmington
Pain & Rehabilitation
Center

Physical Medicine & Rehabilitatio
Electromyography
Sports Medicine

30 October 2003

RE:     Ford, Stephanie
        Initial Evaluation

The patient presents with chief complaints of neck, upper back, and right sided rib pain. The patient is a 41 year old, right handed, black female injured in a motor vehicle accident on 10/27/03. She was the driver of a pick-up truck, wearing a seatbelt, which was making a left hand turn into the Shoprite on Route 4, when a car coming from the opposite direction made a right hand turn into the patient's lane striking her on the passenger side of her pick-up truck. She recalls being thrown forward being grabbed by the seatbelt. She denied striking her head or any loss of consciousness. That night she noted neck, back, and rib pain. She sought attention at St. Francis Hospital Emergency Room where she was evaluated with X-rays performed.

The patient describes her neck pain as stiffness and tightness across her neck and shoulder slopes. She describes occasional numbness in both forearms and finger tips, left side worse than the right. She denies any weakness in her upper extremities.

The patient describes her back pain as tightness and stiffness across her upper back and shoulder blades. She denies any weakness or numbness in her lower extremities. She denies any bowel or bladder symptoms. She states she has noted some soreness over the back of her thighs.

The patient describes her right sided rib pain as an aching over her lower ribs on the front on the right side.

She has noted good relief with the Motrin 600 mg. which she has been taking daily for pain and resting well with Flexeril 5 mg. at bed time. She has had difficulty getting her neck comfortable at night with her pillows.

Past Medical History:

No previous neck, back, or rib injuries or problems. No previous surgical illnesses. No known drug allergies.

Ford, Stephanie
30 October 2003
Page 2

Social and Functional History:

> The patient is single and lives with her 9 year old daughter. She was working two jobs at the time of the accident. Her full time position is as an X-ray clerk at Christiana Care in the mammography department. This requires frequent bending and lifting with occasional heavy lifting of X-ray films. Her second job is a part time job in environmental services at St. Francis Hospital approximately 25 hours per week performing custodial services which involves bending, lifting and pushing carts. She has been unable to return to either job since 10/27/03 due to her injuries in the motor vehicle accident.

Physical Examination:

> Reveals a thin black female in moderate distress. Her posture included her shoulders being in a shrugged up position.

Range of Motion:

> Cervical spine - decreased extension, right rotation 55°, left rotation 60° with decreased lateral flexion bilaterally. Pain reported on rotation and lateral flexion bilaterally.

> Lumbosacral spine - decreased forward flexion limited to 50°, extension 5°, rotation 50° bilaterally.

Muscle Examination:

> Spasm noted over the trapezius and thoracic paraspinal muscles bilaterally with tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Extremity Examination:

> Right shoulder - active abduction 120°. Tenderness noted over the infraspinatus, deltoid, biceps, and extensor forearm musculature.

> Left shoulder - active abduction 120°. No tenderness noted.

> Right lower extremity - tenderness noted over the hamstring muscles.

> Left lower extremity - tenderness noted over the hamstring muscles.

Ford, Stephanie
30 October 2003
Page 3

Chest Examination:

    Tenderness noted over the right sided lower anterior ribs.

Motor Examination:

    Upper extremity strength - deltoids, biceps, triceps, wrist flexors, extensors, hand intrinsics, 5/5 bilaterally.

    Lower extremity strength - iliopsoas, quadriceps, hamstrings, hip abductors and adductors, ankle dorsi and plantar flexors, 5/5 bilaterally.

Sensory Examination:

    Intact to light touch and pinprick.

Reflexes:

    Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

2.    Status-post right sided rib trauma.

3.    Bilateral hamstring strain.

4.    Right shoulder, arm and forearm strain.

Recommendations:

1.    Will obtain records and X-ray reports from St. Francis Hospital Emergency Room.

2.    Temporary total disability.

3.    Continue Motrin 600 mg. p.o q6hrs, prn pain with food and Flexeril 5 mg. p.o. hs., prn muscle spasm.

4.    Cervical pillow.

Ford, Stephanie
30 October 2003
Page 4

Recommendations (Cont'd):

5.  Begin outpatient therapy to reduce pain symptoms, increase range of motion and tolerance for activity.

6.  Re-evaluation in 1 week (11/10/03 @ 8:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:    PMC

ROSS M. UFBERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: __10/30/03__

To Whom It May Concern:

This is to certify that:

__Stephanie Ford__

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from __10/27/03__ to __11/16/03__

secondary to a:

☑ motor vehicle accident on __10/27/03__

☐ work accident on _____

☐ illness

☐ other

Remarks:_____

_____

_____

Signed: _____

*patient to be re-evaluated prior to any change in disability status.

## CHRISTIANA CARE HEALTH SERVICES
## REQUEST FOR LEAVE OF ABSENCE

Date _11/13/03_                                    Last day worked:

Name/SS# _Stephanie X. Ford_                       Paid Leave Start:

Address _19 ALBANY AVE_                            Unpaid Leave Start:

_New Castle De 19720_                              Projected Return:

_____                 Dept/Cost Center:

Telephone _(302) 658-6740_

I request leave:    ✓ Medical    _____ Personal

_____ for the birth or adoption of a child or for the placement of a child for foster care.

_____ to care for an immediate family member (circle one: spouse, child or parent) with one of the following serious health conditions (certificate required):

✓ because I am unable to work due to one of the following serious health conditions (certificate required):

    _____ period of incapacity or treatment connected with inpatient care in a hospital, hospice or residential medical care facility.

    ✓ period of incapacity requiring absence of more than three (3) calendar days from work, school or other regular daily activities or any subsequent treatment/period of incapacity that also involves either continuing treatment by (or under the supervision of) a healthcare provider or treatment two or more times.

    _____ any period of incapacity due to pregnancy or for prenatal care.

    _____ any period of treatment for incapacity due to a chronic serious healthcare condition.

    _____ any period of incapacity which is permanent or long term due to a condition for which treatment may not be effective and for which I am under continuing supervision of a healthcare provider.

    _____ any period of absence to receive multiple treatments by a healthcare provider for surgery after an accident or injury or for a condition that

A "**Serious Health Condition**" means an illness, injury, impairment, or physical or mental condition that involves one of the following:

1.  **Hospital Care**

    **Inpatient care** (i.e., an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity or subsequent treatment in connection with or consequent to such inpatient care.

2.  **Absence Plus Treatment**

    (a)  A period of incapacity of **more than three consecutive calendar days** (including any subsequent treatment or period of incapacity relating to the same condition), that also involves:

        (1)  **Treatment two or more times by a health care provider, by a** nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or

        (2)  **Treatment by a health care provider on at least one occasion** which results in a regimen of continuing treatment under the supervision of the health care provider.

3.  **Pregnancy**

    Any period of incapacity due to **pregnancy**, or for **prenatal care**

4.  **Chronic Conditions Requiring Treatments**

    A chronic condition which:

        (1)  Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

        (2)  Continues over an **extended period of time** (including recurring episodes of a single underlying condition); and

        (3)  May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)

5.    Permanent/Long-Term Conditions Requiring Supervision

A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective. The employee or family member must be under the continuing supervision of, but need not be receiving active treatment by, a health care provider. Examples include Alzheimer's, a severe stroke, or the terminal stages of a disease.

6.    Multiple Treatments (Non-Chronic Conditions)

Any period of absence to receive multiple treatments (including any period of recovery therefrom) by a health care provider or by a provider of health care services under orders of, or on the referral by, a health care provider, either for restorative surgery after an accident or other injury, or for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), kidney disease (dialysis).

I understand that when my requested leave of absence is for birth or placement for adoption or foster care, it must conclude within 12 months of the birth or placement. Also, use of intermittent leave in such cases is subject to my employer's approval.

I understand that the following terms apply to my FMLA leave of absence:

- I have the option to use accrued paid leave and disability leave for my illness and paid leave only for personal leave.

- My employer will continue to maintain my group health insurance coverage if such coverage was provided before.

- Upon my return I will be restored to my original job or to an equivalent job with equivalent pay, benefits and other employment terms and conditions provided I do not exceed 12 weeks leave in a 12 month period measured backward from the current leave. I will not be entitled to any more rights, benefits, or employment beyond that to which I would have been entitled had I not taken FMLA leave.

- If I am a "key" employee, my employer may refuse to reinstate me upon my return, according to the specified and limited circumstances provided in FMLA of 1993.

I understand that I must request a leave of absence as far in advance as reasonably and practically possible. I must give 30 days notice of my need to use FMLA leave when the need is foreseeable. I understand that I will be required to provide medical certification to support my need for leave due to a serious health condition affecting me or an immediate family member. I also understand that my employer may require second and third medical opinions and period recertifications and I may be required to provide periodic reports during FMLA leave regarding my status and intent to return to work.

I understand that if FMLA leave is needed to care for my immediate family member or for my own illness, and it is for planned medical treatment, I must schedule treatment so that it will not unduly disrupt my employer's operation.

_____
Employee's Signature

_____
Date

_____
Employer's Approval

_____
Date

07/21/2006    09:49    HUMAN RESOURCES → MIKE'S COMPUTER    NO.989    ℙ39

# INTENSIVE JOB SEARCH LOG

Name _Stephanie Juk_    Week _____ of ___

Dates _5/18/04_ to _5/21/04_

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax (transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|------|-----------|-------------------|----------------------|---------|
| 5/21/04 | Team Coordinator | (302) 428-5744 | Job Recruiter Ms. Burton 428-5744 Christiana Care Hospital | Completed application |
| 5/21/04 | Unit Clerk VI | (302) 428-5744 | Christiana Care Hospital | Completed application |
| 5/21/04 | Patient Information Rep. | (302) 428-5744 | Christiana Care Hospital | Completed application |
| 5/21/04 | Patient Care Technician | (302) 428-5744 | Christiana Care Hospital | Completed application |
| 5/21/04 | Lab Receiving Clerk | (302) 428-5744 | Christiana Care Hospital | Completed application |

Notes _____

Notes _____

Notes _____

Notes _____

Notes _____

Notes _____

Job Search results verified by: _____    Date: _____

Additional Comments:

# INTENSIVE JOB SEARCH LOG

Week ___ ( 1 4

Name _Stephanie Ford_

Dates _5/24/04_ to _5/28/04_

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax (transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone # / Fax # | Company/Contact Name | results |
|------|-----------|---------------------|----------------------|---------|
| 1. _5/28/04_ | _Clerk_ | _(302) 428-5744_ | _Christiana Care Hospital / Burton_ | _complete application_ |
| Notes _Thru Job Recruiter is Mr. Rick Burton (302) 428-5744_ | | | | |
| 2. _5/28/04_ | _Unit Clerk_ | _(302) 428-5744_ | _Christiana Care Hospital / Burton_ | _complete application_ |
| Notes | | | | |
| 3. _5/28/04_ | _Clerk_ | _(302) 428-5744_ | _Christiana Care Hospital / Burton_ | _complete application_ |
| Notes | | | | |
| 4. _5/28/04_ | _Duplicator Operator_ | _(302) 428-5744_ | _Christiana Care Hospital / Burton_ | _complete application_ |
| Notes | | _(Mr. Burton)_ | | |
| 5. _5/28/04_ | _Health Records Clerk_ | _(302) 428-5744_ | _Christiana Care Hospital / Burton_ | _complete application_ |
| Notes | | _(Mr. Burton)_ | | |
| 6. | | | | |
| Notes | | | | |

Job Search results verified by : _____    Date: _____

Additional Comments:

Job_Search_Log.doc

# INTENSIVE JOB SEARCH LOG

Name: _Stephanie Funk_

Dates: _5/31/04_ to _6/4/04_          Week ____ of 4

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax time form, copy of newspaper ads, email address of job listing, copy of website posting, etc. **Minimum of 5 job searches per week.**

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Status |
|------|-----------|-------------------|----------------------|--------|
| 1. 6/4/04 | Clerk II | (302)428-5746/christianacare | Care Hospital/Burista | completed application |
| Notes | | | | |
| 2. 6/4/04 | Admin. Asst. III | (302)428-5746/christiana | Care Hospital/Burista | completed application |
| Notes | | | | |
| 3. 6/4/04 | Clerk II | (302)428-5746/christianacare | Hospital/Burista | completed application |
| Notes | | | | |
| 4. 6/4/04 | Clerk III | (302)428-5746/christiana | Care Hospital/Burista | completed application |
| Notes | | | | |
| 5. 6/4/04 | Career Development | (302)428-5746/christiana | Care Hospital/Burista | completed application |
| Notes | | | | |
| 6. | | | | |
| Notes | | | | |

Job Search results verified by: _____    Date: _____

**Additional Comments:**

Job Search rpt.doc

07/21/2006    09:49    HUMAN RESOURCES → MIKE'S COMPUTER                    NO.989    P42

# INTENSIVE JOB SEARCH LOG

Name _Stephanie York_

Dates _6/7/04_ to _6/11/04_

Week ____ of 4

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal form, copy of newspaper ad, e-mail address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|---|---|---|---|---|
| 1 _6/7/04_ | Home Health Aide/resident | (302) 428-5746 | Christiana Care Hospital | completed application |
| Notes | | | | |
| 2 _6/7/04_ | "Clerk" | (302) 428-5746 | Christiana Care Hospital - | completed application |
| Notes | interviews - 6/8/04 clerk position/billing/physicians | | | |
| 3 _6/11/04_ | Consignment Consultant | (302) 428-5746 | Christiana Care Hospital/completed/applied. | |
| Notes | | | | |
| 4 _6/11/04_ | Business Consultant | (302) 428-5746 | Christiana Case Hospital/completed app. | |
| Notes | | | | |
| 5 _6/11/04_ | Scheduler | (302) 428-5746 | Christiana Case Hospital/completed app. | |
| Notes | | | | |
| 6 _6/11/04_ | Correctional Officer | (302) 739-5458 | The Employee Relation Entry/completed application | |
| Notes | | | | |

Job Search results verified by:
_Will Coleman Tech/College_
_Mrs. Coplin_
(302) 830-5209

Additional Comments:
_Hope appointment/Wilmington 4/15/04_
_Information Session at Delaware Tech_
_August 5, 2004_

Date:
_10:00 TO 12:00_

# INTENSIVE JOB SEARCH LOG

Name _Stephenie_ _____ (last) _____ _first_

Dates _6/14/04_ to _6/18/04_

Week ____ of 4

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| | Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|---|---|---|---|---|---|
| 1 | 6/15/04 | Medical Records Clerk | (302) 651-4000 | A.I. Dupont Hospital | Completed Application |
| | Notes | | | | |
| 2 | 6/15/04 | Laundry Aide + Environmental Services | | St. Francis Hospital | Completed Application |
| | Notes | | | | |
| 3 | 6/18/04 | Home Health Serving Program | (302) 428-5794 | Christiana Care Hospital | Completed Application |
| | Notes | | | | |
| 4 | 6/18/04 | Assistant to Program | (302) 428-5794 | Christiana Care Hospital | Completed Application |
| | Notes | | | | |
| 5 | 6/18/04 | Security Officer | (302) 428-5794 | Christiana Care Hospital | Completed Application |
| | Notes | | | | |
| 6 | | | | | |
| | Notes | | | | |

Job Search results verified by: _____    Date: _____

**Additional Comments:**

Job Search log Doc
'g

# INTENSIVE JOB SEARCH LOG

Name: _Stephanie Steel_

Dates: _6/21/04_ to _6/25/04_

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be by fax (use initial) ___ or, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Company/Contact Name | Results |
|---|---|---|---|
| 6/24/04 | Residency Program Assistant / | Christiana Care Hospital / | Completed application |
| 6/24/04 | Residency Program Assistant / | Christiana Care Hospital / | Completed application |
| 6/24/04 | Collections Specialist Home Health / | Christiana Care Hospital / | Completed application |
| 6/25/04 | Operations Support Specialist / | Melbourne Negotiations / | Completed application |
| 6/25/04 | Home Health Assistant / | Christiana Care Hospital / | Completed application |
| 6/25/04 | Clerical Technician / | Christiana Care Hospital / | Completed application |

b. Search results verified by: ___

Additional Comments: _received phone call — Mrs. John Farley 428-5165 about home health position 7/1/04 @ Christiana Christiana Hospital_

Date: ___

07/21/2006 09:49 HUMAN RESOURCES → MIKE'S COMPUTER NO.989 Ð45

# INTENSIVE JOB SEARCH LOG

Name: _Stephanie Ford_

Date: _6/28/04_ to _8/1/04_

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal, copy of newspaper ad, e-mail address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

WEEK _____

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|------|-----------|-------------------|----------------------|---------|
| _Interview – 7/2/04_ | | | _Clerk position/Christiana Hospital cancel position_ | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Additional Comments:

Search results verified by: _____ Date: _____

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHANIE LYNN FORD | CHRISTIANA CARE HEALTH SYSTEMS, RICHARD BURTON and CLARA CLARK |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ <br> **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT <u>New Castle</u> <br> **(IN U.S. PLAINTIFF CASES ONLY)**. |
|---|---|
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) <br><br> Pro Se | ATTORNEYS (IF KNOWN) <br> David H. Williams (#616)/James H. McMackin, III (#4284) <br> Morris James Hitchens & Williams LLP <br> 222 Delaware Avenue, 10th Floor <br> Wilmington, DE  19801 <br> 302-888-6900/5849 |

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury Med. Malpractice <br> ☐ 365 Personal Injury – Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R. R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br><br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt Relations <br> ☐ 730 Labor/Mgmt Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☒ 791 Empl. Ret. Inc Security Act | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 891 Agricultural Arts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes <br> ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal of an action brought in state court alleging causes of action under, among other things, 29 U.S.C. § 1001 *et seq.*

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE Kent A. Jordan | DOCKET NUMBER 06-301 |

| DATE <br><br> July 28, 2006 | SIGNATURE OF ATTORNEY OF RECORD <br><br> *James H. McMackin* |
|---|---|

FOR OFFICE USE ONLY

RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other paper as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. IN U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The bases of jurisdiction is set forth under Rule 8(a).F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23.F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases in any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 4 5 8 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ l _____ COPIES OF AO FORM 85.

7/28/06
(Date forms issued)

_____
(Signature of Party or their Representative)

Phillip  Casale
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action